IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LISA McBRYDE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-CV-528-TCK-SH |
| ) | |
| ARVEST BANK, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is the Motion for Summary Judgment filed by the defendant Arvest Bank ("Arvest"). (Doc. 37). Plaintiff filed a Response (Doc. 48), Defendant filed a Reply (Doc. 49) and Plaintiff filed a Supplemental Response (Doc. 51).

**I. Background**

The undisputed record establishes that on October 16, 2017, in the late afternoon, Plaintiff and her husband traveled to an Arvest Bank location in Tulsa, Oklahoma. The sky was clear and the sun was out. Plaintiff's husband parked, Plaintiff exited the vehicle and began walking on the sidewalk toward the bank. Plaintiff tripped on the edge of the bank's foundation which was slightly uneven compared to the adjacent block of sidewalk.

On each side of concrete along the expansion joint, a strip was painted yellow to signal that the sidewalk was uneven. Plaintiff testified she saw these yellow stripes, knew that they signaled danger, and knew that she should be cautious. Nonetheless, Plaintiff walked across the sidewalk, tripped, fell, and suffered injury. For purposes of summary judgment, Arvest does not dispute that Plaintiff was an invitee to the Arvest Bank location at the time the incident occurred.

**II. Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant bears the burden of showing that no genuine issue of material fact exists. *See Zamora v. Elite Logistics, Inc.*, 449 F.3d 1106, 1112 (10th Cir. 2006). The Court resolves all factual disputes and draws all reasonable inferences in favor of the non-moving party. *Id.* However, the party opposing a motion for summary judgment may not "rest on mere allegations" in its complaint but must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The party opposing a motion for summary judgment must also make a showing sufficient to establish the existence of those elements essential to that party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-33 (1986).

A movant that "will not bear the burden of persuasion at trial need not negate the nonmovant' claim, "but may "simply . . . point[] out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (internal citations omitted). If the movant makes this prima facie showing, "the burden shifts to the nonmovant to go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Id.* (citing *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir.), *cert. denied*, 506 U.S. 1013 (1992)). "In a response to a motion for summary judgment, a party cannot rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial. The mere possibility that a factual dispute may exit, without more, is not sufficient to overcome convincing

presentation by the moving party." *Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir. 1988) (internal citations omitted).

### III. Analysis

Because this case is before the Court pursuant to the Court's diversity jurisdiction, Plaintiff's claims are governed by Oklahoma law. *See Martinez v. Angel Expl.,* LLC, 78 F.3d 968, 973) (10th Cir. 2015) (internal citations omitted).

Though the nature of a defendant's duty varies with the plaintiff's status on the property in question, in this case it is undisputed that Plaintiff was an invitee at the time she attempted to enter Arvest Bank. *See Brown v. Nicholson*, 935 P.23 319, 321 (Okla. 1997) (describing duties owed to licensees and invitees). Oklahoma premises liability law provides that a business owner such as Arvest "owes a duty to exercise ordinary care to keep its premises in a reasonably safe condition for use of its invitees and a duty to warn invitees of dangerous conditions upon premises that are either known, or should reasonably be known by the owner." *Phelps v. Hotel Mgmt., Inc.*, 925 P.2d 91, 893 (Okla. 1996).

"However, an invitor is not an insurer of the safety of others and is not required to prevent all injury occurring on the property." *Taylor v. Hynson*, 856 P.2d 278, 281 (Okla. 1993). Accordingly, the Oklahoma Supreme Court long ago recognized the common law rule that a landowner "is under no legal duty to reconstruct or alter premises so as to obviate known and obvious dangers" and is therefore not "liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of ordinary care." *City of Tulsa v. Harman*, 299 P. 462, 463 (Okla. 1931). "If the danger is readily apparent to the plaintiff, the defendant has not breached a duty to the plaintiff." *Southerland v. Wal-Mart Stores, Inc.*, 848 P.2d 68, 69 (Okla. Civ. App. 1993). Put another way, "[t]he fact that the danger is open and obvious

3

nullifies the duty of defendant to plaintiff." *Nicholson v. Tacker*, 512 P.2d 156, 159 (Okla. 1973); see also *Tucker v. ADG, Inc.*, 102 P.3d 660, 667 (Okla. 2004)("In the first instance, there is no need for any defense at all because where there is no duty or negligence there can be no liability.").

"The duty to keep premises in a reasonably safe condition for the use of the invited public applies solely to defects or conditions which may be characterized as in the nature of hidden dangers, traps, snares, pitfalls, and the like - things which are not readily observable." *Buck v. Del City Apts., Inc.*, 431 P.2d 360, 365 (Okla. 1967). This is so because "the basis of the invitor's liability for injuries sustained by an invitee on the premises is the owner's superior knowledge of the danger." *Dover v. W. H. Braum, Inc.*, 111 P.3d 243, 247 (Okla. 2005). Once the invitee has knowledge of the danger, she is on equal footing with the landowner and the underlying basis to impose liability disappears. See *Scott v. Archon Group, L.P.,* 191 P.3d 1207, 1212 (Okla. 2008).

In the instant case, the uneven concrete around the expansion joint was open and obvious because it was painted with bright yellow stripes. The yellow paint indicated "danger" or "caution" and conspicuously outlined the uneven concrete between the foundation and the sidewalk. The alleged "danger" was unobstructed and clear to any patrons or passersby. Plaintiff testified she saw the yellow stripes and understood the yellow paint to indicate a "danger" on the sidewalk. Therefore, her knowledge of the danger put her on equal footing with Arvest. The yellow stripes made the danger apparent and readily observable such that Arvest would reasonably expect for invitees to discover it in the exercise of ordinary care. Therefore, as a matter of law, the alleged dangerous or hazardous condition which caused Plaintiff's injury was open and obvious. Landowners owe invitees no duty as it relates to open and obvious conditions.

**IV.    Conclusion**

For the reasons set forth above, Arvest's Motion for Summary Judgment (Doc.37) is granted.

**IT IS SO ORDERED this 8th day of July, 2022.**

TERENCE C. KERN
United States District Judge